UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BENJAMIN HENDRICKS,**

    **Plaintiff,**

                                      **Civil Action 2:11-cv-00937**
    v.                                    **Judge George C. Smith**
                                        **Magistrate Judge Deavers**

**JOHN DESMARAIS,** *et al.***,**

    **Defendants.**

## ORDER

This matter is before the Court for consideration of Plaintiff's Objections to the Magistrate Judge's Order denying Plaintiff's Motion for Appointment of Counsel. (ECF No. 40). For the reasons that follow, Plaintiff's objections are **OVERRULED**. The Magistrate Judge's Order is **ADOPTED** and **AFFIRMED**. Plaintiff's Motion for Appointment of Counsel is **DENIED**. (ECF No. 38).

The subject Order involves a non-dispositive matter. Thus, the Court applies the "clearly erroneous" or "contrary to law" standard of review set forth in Federal Rule of Civil Procedure 72(a). A Magistrate Judge's factual finding is "clearly erroneous" only when, after reviewing the evidence, the court "is left with the definite and firm conviction that a mistake as been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). A court will overturn a Magistrate Judge's legal conclusions only where those conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992) (internal quotation marks and citation omitted).

The Court has reviewed the Magistrate Judge's Order and concludes that it is neither clearly erroneous nor contrary to law.  The United States Court of Appeals for the Sixth Circuit has held that there is no right to counsel in prisoner civil rights case.  *Bennett v. Smith*, 110 Fed. App'x 633, 635 (6th Cir. 2004).  "The appointment of counsel in a civil proceeding is justified only be exceptional circumstances."  *Id*.  Thus, exercise of the Court's statutory authority to appoint counsel under 28 U.S.C. § 1915(e) is limited to extraordinary situations.

Here, Plaintiff contends that extraordinary circumstances exist because prison officials have "confiscated and 'lost' everything" in his possession that would have allowed him to respond to any dispositive motions Defendants may file in this case.  (Obj. 1, ECF No. 40).  If corrections officials have illegally confiscated Plaintiff's legal papers, it would appear to the Court that Plaintiff's remedy can be found within the institutions grievance system.  This situation does not warrant the extraordinary procedure of appointing counsel prior to dispositive motions.  Accordingly, Plaintiff's objections to the Magistrate Judge's Order are **OVERRULED**.  The Magistrate Judge's Order is **ADOPTED** and **AFFIRMED**.  Plaintiff's Motion for Appointment of Counsel is **DENIED**.  (ECF No. 38).

        **IT IS SO ORDERED**.

    */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**